**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE INTERCEPT MEDIA, INC.,
15 W 38th St, Unit 636
New York, NY 10018-5501,

*Plaintiff,*

vs.

U.S. DEPARTMENT OF DEFENSE
1000 Defense Pentagon
Washington, DC 20301-1000,

*Defendant.*

Case No. 26-cv-

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff The Intercept Media, Inc. ("The Intercept") brings this action against Defendant U.S. Department of Defense ("DOD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(e), as Plaintiff is located in the State of New York, maintains headquarters within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

### Parties

3. Plaintiff The Intercept Media, Inc. ("The Intercept") is an award-winning national online news organization that covers politics, immigration, national security, and law enforcement

issues in the United States. The Intercept aspires to drive meaningful change by empowering the public with information to demand a better world from institutions and leaders.

4. Defendant DOD is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at the Pentagon in Arlington, Virginia. DOD has possession, custody, and control of records to which Plaintiff seeks access.[1]

**The Intercept's FOIA Requests**

5. On February 28, 2026, at the direction of the President, U.S. Central Command ("CENTCOM") commenced Operation Epic Fury, a military campaign against Iran.[2]

6. DOD reports official counts of U.S. service members killed and wounded in the conflict through the Defense Casualty Analysis System ("DCAS"), which provides casualty figures to Congress and the President. According to DCAS, nearly 900 U.S. service members have been killed or wounded in the war with Iran, including 21 who have died.[3]

7. Plaintiff's reporting has documented repeated, unexplained changes to DOD's official casualty figures. On April 21, 2026, for example, the number of wounded-in-action service members listed in DCAS for Operation Epic Fury declined by 15 without public explanation.[4]

8. In late July 2026, DOD began counting casualties occurring after July 7, 2026, separately from Operation Epic Fury, under the designation "Overseas Operations." DOD

---

[1] Although DOD and its officials have been authorized to use "Department of War" and related titles as secondary designations, the Department's statutory name remains the Department of Defense. *See* 10 U.S.C. § 111; Exec. Order No. 14347, *Restoring the United States Department of War*, 90 Fed. Reg. 43893 (Sept. 10, 2025) (authorizing "Department of War" and "Secretary of War" as secondary titles and providing that statutory references remain controlling).

[2] *See* Press Release, U.S. Cent. Command, *U.S. Forces Launch Operation Epic Fury* (Feb. 28, 2026), https://perma.cc/2N92-PAAX.

[3] *See* Nick Turse, *Pentagon Finally Counts an Iran War Death — Six Months Late*, The Intercept (Oct. 12, 2026), https://perma.cc/J28E-MYMY.

[4] *See* Nick Turse, *Pentagon Erases Wounded U.S. Troops from Iran War Casualty List: "Definition of a Cover-Up,"* The Intercept (Apr. 22, 2026), https://perma.cc/VNY3-P2AM.

explained that because Operation Epic Fury had concluded, it now classifies casualties as "overseas operations" in the CENTCOM area of responsibility.[5]

9. On October 9, 2026, after repeated inquiries from Plaintiff and from members of the House Armed Services Committee, DOD publicly corrected its count of U.S. service members who have died in the conflict to include deaths it had previously omitted. The Committee's ranking members stated that "[t]here is no excuse for a mistake of this magnitude."[6]

10. To shed light on how DOD has counted, reported, and communicated about casualties among U.S. service members as well as financial costs related to the war with Iran, Plaintiff filed the following FOIA requests.

*Casualty Records*

11. On August 25, 2026, Plaintiff sent a FOIA request to DOD seeking the following:

> All logs, lists, reports, or other documents documenting the number of casualties of U.S. service members since February 28, 2026 in Operation Epic Fury or in "overseas operations" in the U.S. Central Command (CENTCOM) Area of Responsibility (AOR).

12. On August 25, 2026, DOD assigned the request tracking number 26-F-3029.

13. On August 31, 2026, DOD sent Plaintiff an interim response invoking unusual circumstances and placing the request in its complex processing track.

14. Plaintiff has received no further communication from DOD regarding this FOIA request.

---

[5] Nick Turse, *The Pentagon Found a New Way to Undercount U.S. Casualties in Iran*, The Intercept (Aug. 4, 2026), https://perma.cc/8AM2-L5G8.

[6] *See* Turse, *supra* note 3; Press Release, H. Armed Servs. Comm. Democrats, *Smith, Houlahan Respond to Inaccurate Casualty Reporting, Lack of Transparency on Human Cost of Trump's War* (Oct. 9, 2026), https://perma.cc/M6P9-VDC3.

*Casualty Briefing Materials*

15. Also on August 25, 2026, Plaintiff sent a FOIA request to DOD seeking the following:

> 1. All briefing materials provided to Secretary Pete Hegseth regarding the number of casualties of U.S. service members since February 28, 2026 in Operation Epic Fury or in "overseas operations" in the U.S. Central Command (CENTCOM) Area of Responsibility (AOR).
>
> 2. All briefing materials provided to Chief of Staff Ricky Buria regarding the number of casualties of U.S. service members since February 28, 2026 in Operation Epic Fury or in "overseas operations" in the CENTCOM AOR.

16. On August 25, 2026, DOD assigned the request tracking number 26-F-3030.

17. On August 26, 2026, DOD sent Plaintiff an interim response invoking unusual circumstances and placing the request in its complex processing queue.

18. Plaintiff has received no further communication from DOD regarding this FOIA request.

*Casualty Communications*

19. Also on August 25, 2026, Plaintiff sent a FOIA request to DOD seeking the following:

> All emails (including email attachments, complete email chains, calendar invitations, calendar invitation attachments) and text messages or messages on applications such as Signal or Whatsapp, messages on messaging platforms such as Slack or Microsoft Teams, and direct messages on social media platforms such as Truth Social or X <u>sent</u> by the individuals listed below (A) containing any of the below key terms (B):
>
> A. Agency officials:
>    1. Pete Hegseth, Secretary
>    2. Ricky Buria, Chief of Staff
>    3. Eric Geressy, Senior Advisor

4. Patrick Weaver, in any capacity such as Senior Advisor or Deputy Chief of Staff
5. Michael Dimino IV, Deputy Assistant Secretary of Defense for Near East and Central Asia
6. Anthony Tata, Under Secretary of Defense for Personnel and Readiness
7. Dr. Merlynn Carson, Senior Advisor & Chief of Staff, Office of the Under Secretary of Defense for Personnel and Readiness
8. Jeffrey R. Register, Director, Defense Human Resources Activity
9. Sean Parnell, Assistant to the Secretary for Public Affairs, Chief Pentagon Spokesperson and Senior Advisor
10. Joel Valdez, Acting Pentagon Press Secretary

B. Key terms:

1. Casualt*
2. Wound*
3. Injur*
4. Death*
5. Kill*
6. KIA
7. WIA
8. DCAS

Please note that we are using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "casualt*" would return all of the following: casualty, casualties, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate DOD and reduce the number of potentially responsive records to be processed and produced, we have limited this request to communications <u>sent</u> by one of the enumerated officials. To be clear, however, The Intercept still requests that complete email chains and texts be produced, displaying both sent and received messages. This means, for example, that both said official's response to an email and the initial received message are responsive to this request and should be produced.

20. The request sought records from February 28, 2026, until the date of the search.

21. On August 25, 2026, DOD assigned the request tracking number 26-F-3031.

22. On August 27, 2026, DOD sent Plaintiff an interim response letter invoking unusual circumstances and placing the request in its complex processing track.

23. Plaintiff has received no further communication from DOD regarding this FOIA request.

*Casualty Directives and Guidance*

24. Also on August 25, 2026, Plaintiff sent a FOIA request to DOD seeking the following:

> All directives or guidance created or received by the Office of the Secretary, the Office of the Under Secretary for Personnel & Readiness, the Defense Human Resources Activity, or the Office of the Assistant to the Secretary for Public Affairs about any matters regarding casualties of U.S. service members in (1) Operation Epic Fury or in (2) "overseas operations" in the U.S. Central Command (CENTCOM) Area of Responsibility (AOR), including but not limited to how casualties are counted or reported.

25. The request sought records from February 28, 2026, until the date of the search.

26. On August 25, 2026, DOD assigned the request tracking number 26-F-3032.

27. On August 31, 2026, DOD sent Plaintiff an interim response invoking unusual circumstances and placing the request in its complex processing track.

28. Plaintiff has received no further communication from DOD regarding this FOIA request.

*Financial Costs*

29. On September 23, 2026, Plaintiff sent a FOIA request to DOD seeking the following:

> 1. All financial breakdowns or other accounting materials documenting costs incurred and since February 28, 2026 in Operation Epic Fury or in "overseas operations" in the

U.S. Central Command (CENTCOM) Area of Responsibility (AOR).

2. All budgets, financial breakdowns, spending projections, estimated expenses, or other accounting materials documenting the need for supplemental funding from Congress to fund Operation Epic Fury or in "overseas operations" in the U.S. Central Command (CENTCOM) Area of Responsibility (AOR). Responsive documents should include accounting materials for expenses already incurred and estimated expenses for future anticipated costs.

30. The request sought records from February 28, 2026, until the date of the search.

31. On September 23, 2026, DOD assigned the request tracking number 26-F-3354.

32. On September 29, 2026, DOD sent Plaintiff an interim response invoking unusual circumstances and placing the request in its complex processing track.

33. Plaintiff has received no further communication from DOD regarding this FOIA request.

*Exhaustion of Administrative Remedies*

34. As of the date of this Complaint, Defendant has failed to notify Plaintiff of determinations regarding the FOIA requests described herein. Through Defendant's failure to respond within the time limits required by law, Plaintiff has constructively exhausted administrative remedies on these requests. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

35. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

36. By failing to respond to Plaintiff's requests with determinations within the statutorily mandated time period, Defendant has violated its duties under 5 U.S.C. § 552, including

but not limited to, its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold non-exempt portions of responsive records.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendant to conduct adequate searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;
2. Order Defendant to produce any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;
3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;
4. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and
5. Grant any other relief this Court deems appropriate.

Dated: November 13, 2026

Respectfully submitted,

/s/ *Daniel A. McGrath*
Daniel A. McGrath
(S.D.N.Y. Bar No. 5541198)
Hart W. Wood
(D.C. Bar No. 1034361)*
Ronald A. Fein
(D.C. Bar No. 90026641)*
Robin F. Thurston
(D.C. Bar No. 7268942)*

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
hwood@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiff*

**S.D.N.Y. pro hac vice forthcoming*